IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| IN RE: | : | Case No. 16-30607 |
| | | Chapter 7 |
| NORMAN G. SULLIVAN, JR., | : | Judge Guy R. Humphrey |
| | | |
| Debtor. | : | |

---

| | | |
|---|---|---|
| DONALD F. HARKER, III, CHAPTER 7 | : | |
| TRUSTEE IN BANKRUPTCY, | | ADV. PRO. NO. _____ |
| 2135 Miamisburg-Centerville Rd. | : | |
| Centerville, Ohio 45459 | | |
| | : | |
| Plaintiff/Trustee | | |
| | : | |
| V. | | |
| | : | |
| NCP FINANCE OHIO, LLC | | |
| c/o Richard A. Broock | : | |
| 1 South Main Street, Ste. 1300 | | |
| Dayton, Ohio 45402 | : | |
| | | |
| Defendant. | | |

---

**COMPLAINT OF TRUSTEE TO AVOID AND RECOVER PREFERENCE TRANSFERS
AND/OR POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 549, AND
550; TO DISALLOW ANY AND ALL PROOFS OF CLAIMS FILED OR TO BE FILED
BY DEFENDANT; AND FOR COSTS, REASONABLE ATTORNEY FEES AND OTHER
RELIEF**

---

**NOW COMES** Donald F. Harker, III, the duly appointed and acting Chapter 7 Trustee

("Plaintiff" or "Trustee") of the Debtor Norman G. Sullivan, Jr., ("Debtor") herein, by and through

counsel, and pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, hereby brings this

Complaint against the Defendant listed in the above caption ("Defendant") and states and avers as

follows:

1

## BACKGROUND OF THE CONTROVERSY

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.  This adversary proceeding arises under Title 11 of the United States Code and arises in or is related to the above-captioned Chapter 7 case now pending before the United States Bankruptcy Court for the Southern District of Ohio, Western Division at Dayton, and has been referred to this Court by the Standing Order of Reference entered in this District on July 30, 1984 pursuant to 28 U.S.C. § 157. This is alleged to be a core proceeding, *inter alia*, pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (F), (H), and (O).

2.      Defendant herein is subject to the personal jurisdiction of this Court and venue lies with the Court pursuant to 28 U.S.C. § 1409.  Defendant's proper notice for service is listed in the above caption.

3.      Plaintiff is the duly appointed and acting Chapter 7 Bankruptcy Trustee of the Debtor and has standing to bring this proceeding pursuant to 11 U.S.C. §§ 547, 548, 549 and 544.  The Trustee maintains a place of business at the address listed in the caption.

4.      Debtor filed his Chapter 7 Bankruptcy case on March 3, 2016 (the "Petition Date"). The 341 meeting of creditors was held in this case on April 28, 2016.

5.      Within ninety (90) days before the Petition Date (the "Preference Period"), the Debtor transferred funds and/or property to or for the benefit of the Defendant.  All transfers made at anytime to or for the benefit of the Defendant within the Preference Period are hereinafter referred to as the "Preference Transfers."

6.      In the alternative and/or in addition to the Preference Transfers received by Defendant within the Preference Period, the Debtor transferred funds and/or property to or for the benefit of the Defendant after the Petition Date (the "Post-Petition Transfers" and, together with the Preference

Transfers, the "Transfers").

7.       The known Transfers are in the amount of $2,200.00 as shown by Exhibit A and B attached hereto.  The total of all Transfers from the Debtor to the Defendant is believed to be in excess of the known Transfers listed on Exhibit "A" and "B."  Therefore, the Plaintiff alleges the Defendant is also liable for the amount of unknown Transfers in an amount to be determined through discovery in this matter.

8.       At the time the Defendant received each of the Transfers, the Debtor was insolvent.

9.       At the time the Defendant received each of the Transfers, the Defendant had actual or constructive knowledge of, or is estopped from denying having knowledge of, the Debtor's insolvency.

10.      Plaintiff has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF – SECTION 547 AVOIDANCE OF PREFERENCE TRANSFERS

11.      Plaintiff realleges and incorporates the foregoing paragraphs as if fully rewritten herein.

12.      The Trustee is entitled to avoid all transfers to the Defendant made during the Preference Period.

13.      The Defendant is a pre-petition creditor of the Debtor.

14.      Within the Preference Period, the Debtor made payments or other transfers of money or other things of value, constituting property in which the Debtor had an interest, to or for the benefit of the Defendant, including without limitations, the Preference Transfers.  The Preference Transfers include all transfers of the Debtor's funds or property in which Debtor owned an interest to or for the benefit of the Defendant within the Preference Period.

15.      The Preference Transfers were each a "transfer" of an interest of the Debtor in

3

property to or for the benefit of the Defendant within the meaning of 11 U.S.C. § 547(b).

16.     The Preference Transfers were made for or on account of antecedent debt(s) owed by the Debtor to the Defendant before the Preference Transfers were made.

17.     The Preference Transfers were each made while the Debtor was insolvent.

18.     The Preference Transfers have enabled the Defendant to receive: (1) more than the Defendant would receive under Chapter 7 of the Bankruptcy Code; (2) if the Preference Transfers had not been made; and (3) the Defendant received payment of such debts to the extent provided by Chapter 7 of the Bankruptcy Code.

19.     As a direct and proximate result of the foregoing, Plaintiff is entitled to avoid all Preference Transfers and recover same from the Defendant for the benefit of the estate, pursuant to 11 U.S.C. §§ 547 and 550, in the actual amount of the Preference Transfers, to be determined through discovery, but being not less than the total amount set forth on Exhibit "A" and "B."

## SECOND CLAIM FOR RELIEF – SECTION 549 AVOIDANCE OF POST-PETITION TRANSFERS

20.     Plaintiff realleges and incorporates the foregoing paragraphs as if fully rewritten herein.

21.     The transfer of money or other property by the Debtor and/or at the direction of the Debtor after the Petition Date to or for the benefit of the Defendant, including without limitation, the Post-Petition Transfers, were property in which the Debtor had an interest.

22.     To the extent the Transfers are Post-Petition Transfers, they were made after the commencement of the case and were not authorized by either the Bankruptcy Code or the Bankruptcy Court.  The true identity and nature of all Post-Petition Transfers will be more fully known by the Trustee after discovery is had.  They include, but may not be limited to the Transfers identified on Exhibit A and B hereto.

4

23.     Title 11 U.S.C. §§ 549 and 550 permit the Plaintiff to avoid and recover all such Transfers for the bankruptcy estate and for the benefit of all creditors.

24.     Based on the foregoing, the Plaintiff requests this Court to determine pursuant to 11 U.S.C. §§ 549 and 550, that the Post-Petition Transfers are void and that judgment be rendered requiring the Defendant to repay the amount of the Post-Petition Transfer to the bankruptcy estate in the amount of all Transfers, known or unknown, to be determined.

## THIRD CLAIM FOR RELIEF – OBJECTION TO ANY AND ALL PROOFS OF CLAIM FILED OR TO BE FILED BY DEFENDANT

25.     Plaintiff realleges and incorporates the foregoing paragraphs as if fully rewritten herein.

26.     Based on the foregoing, Plaintiff hereby objects, pursuant to 11 U.S.C. § 502 and Rules 3007, 7001, and 9014 of the Federal Rules of Bankruptcy Procedure, to any and all proof of claim filed or to be filed by the Defendant and asks the Court to disallow same. As used herein, the term "Claim" shall include without limitation, both pre and post-petition claims of Defendant, including any claimed administrative expense payable pursuant to 11 U.S.C. § 503.

27.     Alternatively, based on the foregoing, Plaintiff hereby requests that the Court disallow any and all claims whatsoever of Defendant unless and until Defendant returns all monies due to Plaintiff, as provided by 11 U.S.C. § 502.

## FOURTH CLAIM FOR RELIEF – INTEREST, REASONABLE ATTORNEY FEES AND OTHER RELIEF

28.     Plaintiff realleges and incorporates the foregoing paragraphs as if fully rewritten herein.

29.     Plaintiff is entitled to recover from Defendant prejudgment interest and his costs and expenses incurred in connection with bringing this adversary proceeding, including all reasonable

attorneys' fees as well as any other relief, legal or equitable, that this Court determines is appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, based upon the foregoing, demands judgment against the Defendant on his claims for relief as follows:

A.   On the First and Second Claims for the Relief, for an Order declaring all Transfers to or for the benefit of the Defendant to be avoidable pursuant to 11 U.S.C. §§ 547 and/or 549 and ordering avoidance and repayment of said monies from the Defendant to the Plaintiff pursuant to 11 U.S.C. §550; and

B.   On the Third Claim for Relief, for an Order pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure disallowing in full any and all claims of Defendant whatsoever, filed or unfiled, until the Defendant has returned to the estate all transfer that are avoidable under 11 U.S.C. §§ 547 and/or 548; and

C.   On the Fourth Claim for Relief, prejudgment interest, attorney's fees and costs, the total amount of which is as yet undetermined.

Respectfully submitted,

COOLIDGE WALL CO., L.P.A.

*/s/ Patricia J. Friesinger*

_____
Patricia J. Friesinger (0072807)
33 West First Street, Suite 600
Dayton, Ohio 45402
Tel: 937/223-8177  Fax: 937/223-6705
E-Mail: friesinger@coollaw.com

*Counsel for Plaintiff/Trustee Donald F. Harker, III*

w:\wdox\client\003098\00386\00876007.doc

6

March 02, 2016
03:00 PM

Location Nbr: 6074

Bill Payment Receipt

Money Transmitter : Merchants Express Money Order Company, Inc.

## Miscellaneous Receipt

Nbr 1078157

Date of Transaction 03/02/2016

| | |
|---|---|
| Name | Sullivan Norman |
| Code | NCP Loan Payment |
| NCP Loan Number | 14753131 |
| Comment | |
| **Payment Amount** | **$ 1100.00** |
| **Tender Type** | **Cash** |
| **Tender Amount** | **$ 1100.00** |
| **Change Amount** | **$0.00** |
| **BillPay RefNbr** | **D20160302T145937490R890928** |

Employee Signature : _____

Employee Nbr: 33126

Drawer Nbr: 4

Customer Signature : _____

Sullivan Norman

**For complete terms, conditions and restrictions relating to MEMO BILL PAYMENTS visit
www.memoco.com or contact Customer Service at: 877-474-2022**

855-380-4021

March 02, 2016
02:53 PM

Location Nbr: 2489

Bill Payment Receipt

Money Transmitter : Merchants Express Money Order Company, Inc.

## Miscellaneous Receipt

Nbr 1078135

Date of Transaction 03/02/2016

| | |
|---|---|
| Name | Sullivan Norman |
| Code | NCP Loan Payment |
| NCP Loan Number | 14753370 |
| Comment | |
| **Payment Amount** | **$ 1100.00** |
| **Tender Type** | **Cash** |
| **Tender Amount** | **$ 1100.00** |
| **Change Amount** | **$0.00** |
| **BillPay RefNbr** | **D20160302T145318084R256010** |

Employee Signature : _____

Employee Nbr: 32267

Drawer Nbr: 3

Customer Signature : _____

Sullivan Norman

**For complete terms, conditions and restrictions relating to MEMO BILL PAYMENTS visit
www.memoco.com or contact Customer Service at: 877-474-2022**